**OXFORD HOUSE, INC., "John Doe I," "John Doe II," and "John Doe III," Plaintiffs,**

v.

**CITY OF ALBANY, et al., Defendants.**

**No. 92–CV–1683.**

United States District Court, N.D. New York.

May 12, 1994.

---

Disability Advocates, Inc., Albany, NY, Cliff Zucker, Simeon Goldman, of counsel, for plaintiffs.

Vincent J. McArdle, Jr. Corp. Counsel, City of Albany Dept. of Law, Albany, NY,

Thomas Shepardson, Asst. Corp. Counsel, of counsel, for defendants.

## DECISION and ORDER

McAVOY, Chief Judge.

NOW, upon reading the notice of motion, and the memorandum of law in support of and in opposition to defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12, and upon hearing oral arguments on May 9, 1994, and after due deliberation having been had thereon, it is hereby

ORDERED, that defendant's motion be granted and plaintiffs' claims arising out of § 504 of the Rehabilitation Act and 42 U.S.C. § 1983 be dismissed.

It is here noted that during oral argument, counsel for plaintiffs argued that the Code of Federal Regulations for § 504 of the Rehabilitation Act required the court to take into account "reasonable accommodation" when determining whether plaintiffs have sufficiently alleged the second element of their *prima facie* case under the said Act. As stated in this court's bench decision on May 9, 1994, the second element of plaintiffs' *prima facie* case requires a showing that plaintiffs' be "otherwise qualified" to receive the benefits in question. It is clear from case law and the language of the Code of Federal Regulations itself that the requirement of "reasonable accommodation" only applies to employment cases. *See Gilbert v. Frank,* 949 F.2d 637, 641 (2d Cir.1991); 45 C.F.R. § 84.-3(k).[1] It does not apply to cases such as the one at hand. Thus, plaintiffs' contention is groundless.

IT IS SO ORDERED.

---

1. 45 C.F.R. § 84.3(k) states in relevant part
   *Qualified handicapped person* means:
   (1) *With respect to employment,* a handicapped person who, *with reasonable accommodation,* can perform the essential functions of the job in question;

   . . .
   (4) *With respect to other services,* a handicapped person who meets the essential eligibility requirements for the receipt of such services.
   45 C.F.R. § 84.3(k) (emphasis added).